IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| U.S. SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Docket No. _____ ) |
| CLINTON J. PAYNE, MICHAEL LOMBARD, ADAM MILLER, ELIZABETH MILLER and DESAREA THOMAS, and CITIZENS BANK CORP., INC., d/b/a TRADERS BANK, f/k/a TRADERS BANK, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Comes now your Plaintiff, U.S. Specialty Insurance Company ("USSIC"), by and through undersigned counsel, and pursuant to 28 U.S.C. § 2201, *et seq.*, and files this Complaint for Declaratory Judgment, and for its cause of action against these Defendants would state as follows:

**I.   JURISDICTION/VENUE**

1. Plaintiff USSIC brings this Declaratory Judgment action pursuant to Rule 57 of the Federal Rules of Civil Procedure.

2. Pursuant to 28 U.S.C. § 2202, Plaintiff joins in this lawsuit all persons and/or entities that claim any interest which may be affected by determination of this action.

3. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332, and venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1)(2). The transaction and occurrence giving rise to this lawsuit transpired in Franklin County, Tennessee.

## II.     PARTIES

4. USSIC is a Texas corporation incorporated under the laws of that state with its principal place of business at 13403 Northwest Freeway, Houston, Texas 77040-6094.

5. Defendant Clinton J. Payne ("Payne") is a citizen and resident of Winchester, Franklin County, Tennessee, and at all times resides at 139 Sherry Street, Winchester, Tennessee 37398. He may be served with process at that address.

6. Defendant Michael Lombard ("Lombard") is a citizen and resident of Winchester, Franklin County, Tennessee, and he resides at 504 6th Avenue Northwest, Winchester, Tennessee 37398. He may be served with process at that address.

7. Defendant Adam Miller ("Mr. Miller") is a citizen and resident of Winchester, Franklin County, Tennessee, and he resides at 715 North Vine Street, Winchester, Tennessee 37398. He may be served with process at that address.

8. Defendant Elizabeth Miller ("Ms. Miller") is a citizen and resident of Winchester, Franklin County, Tennessee, and she resides at 715 North Vine Street, Winchester, Tennessee 37398. She may be served with process at that address.

9. Defendant Desarae Thomas ("Thomas") is a citizen and resident of Winchester, Franklin County, Tennessee, and she resides at 504 6th Avenue Northwest, Winchester, Tennessee 37398. She may be served with process at that address.

10. Defendant Citizens Bank Corp., Inc. ("Citizens Bank") is a Tennessee banking corporation with its principal of business located at 130 South Broad Street, New Tazewell, Tennessee 37825-7236. Upon information and belief, Citizens Bank acquired Traders Bank and all of its assets and liabilities.

# III. FACTS

11. Prior to April 18, 2015, USSIC issued an Aircraft Insurance Policy ("Policy") to Defendant Payne. The policy had a policy number of AC3003007-00 and covered the policy period of March 31, 2015 through March 31, 2016. A certified copy of the policy is attached to this Complaint as **Exhibit 1** and incorporated herein by reference.

12. The Policy identifies the **Named Insured** as Clinton J. Payne with an address of 717 N. Vine Street, Winchester, Tennessee 37398.

13. The Policy insures a 1967 Mooney M20C airplane ("Airplane") with tail number N9680M. The Airplane, as described in the Policy, has four total seats.

14. The Policy provided **Aircraft Physical Damage Coverage** of $35,000.00. It also contained **Single Limit Bodily Injury** coverage of $100,000.00 per person and $1,000,000.00 per occurrence. The total annual Policy premium was $795.00.

15. Mr. Payne signed an Aircraft Insurance Application ("Application") on April 1, 2015 with AOPA Insurance Services. Under the section labelled **Total Logged Pilot Hours**, Payne responded that he had 3,000 **Total All Aircraft hours** with 15 hours in the model aircraft sought to be covered. A copy of the signed Application is attached at **Exhibit 2**.

16. In signing the Application, Payne affirmed:

> I certify that to the best of my knowledge all statements or representations contained on both sides of the Application are true and correct and that I have read, understand and agree with all particulars contained herein.

17. In signing the Application, Payne further indicated "[I] represent that each and all of the above answers are true and complete."

18. USSIC, relying on the statements and representations of Payne in the Application, issued the Policy to Payne.

3

19. On April 18, 2015, Payne took off in the Airplane from Winchester Municipal Airport in Winchester, Tennessee.

20. Despite the Airplane's maximum seating capacity of four people, including the pilot, Payne attempted to take-off with five people on board including himself and Defendants Lombard, Thomas, Mr. Miller, and Mrs. Miller with Thomas sitting within the rear cargo compartment which lacks a seat, seatbelt or any safety harnesses.

21. The excess passengers and improper weight distribution caused the Airplane to crash almost immediately after take-off.

22. Defendants Lombard, Thomas, Mr. Miller and Mrs. Miller contend that Payne's negligence caused the crash and resulted in significant personal injuries and pain and suffering.

23. These Defendants filed separate tort actions in the Circuit Court for Franklin County, Tennessee. Lombard's Complaint, Docket No. 2016-CV-45, seeks damages of $5,000,000.00. Mr. and Mrs. Miller's Complaint, Docket No. 2016-CV-76, seeks damages of $2,000,000.00. Ms. Thomas seeks damages in an "amount to be determined by a jury" in her Complaint, Docket No. 2016-CV-98. Thus, the amount in controversy in this case exceeds $75,000.00.

24. Following the April 18, 2015 accident, Payne submitted a claim to USSIC, via AOPA Insurance, seeking insurance coverage under the Policy for the liability claims asserted by Lombard, Thomas, and Mr. and Mrs. Miller as well as property damage to the Airplane. Upon information and belief, Citizens Bank holds a security interest in the Airplane.

25. USSIC subsequently received a First Report of Loss on April 22, 2015. A copy of the First Report of Loss is attached as **Exhibit 3**.

4

Case 4:16-cv-00052-HSM-CHS   Document 1   Filed 06/13/16   Page 4 of 7   PageID #: 4

26. USSIC immediately began investigating the April 18, 2015 accident, and as part of that investigation, USSIC determined that Payne's actual total pilot in command hours as of the April 18, 2015 accident were 34.6 hours with total flight hours of 80.1. In addition, he only had 5.1 hours in the model of the Airplane described in the Policy.

27. The experience affirmed by Payne on his April 1, 2015 Application of 3,000 total hours and 15 model hours stands in stark contrast to the reality of 34.6 pilot in command hours, 80.1 flight hours, and 5.1 model hours.

28. Payne's response to the clear and unambiguous question on the Application regarding his flight experience was false and constitutes a material misrepresentation. Payne's misrepresentation significantly increased the risk of loss for the Policy issued to Payne. Because of this misrepresentation, the Policy was void from its inception, and therefore, no coverage exists for Payne for the April 18, 2015 incident.

29. Payne is not entitled to a defense provided by USSIC for the various lawsuits of Lombard, Thomas, Mr. Miller or Mrs. Miller, or anyone else claiming damages caused by the alleged actions or omissions of Payne during the Policy period.

30. Payne is not entitled to recover property damages from USSIC for damage to the Airplane's hull as a result of this April 18, 2015 accident or any other accident. Likewise, Citizens Bank, as a lienholder, is not entitled to any recovery from USSIC for damage to the Airplane.

31. Defendants Lombard, Thomas, Mr. Miller, and Mrs. Miller are not entitled to recovery of any kind under the Policy which USSIC issued to Payne.

5

Case 4:16-cv-00052-HSM-CHS   Document 1   Filed 06/13/16   Page 5 of 7   PageID #: 5

## IV. CONCLUSION

WHEREFORE, USSIC requests that it be granted a declaratory judgment in its favor, declaring that Policy Number AC3003007-00 issued to Payne was void from its inception, and that it is not obligated to provide a defense to Defendant Payne or pay benefits of any kind whatsoever to Defendants Payne, Lombard, Thomas, Mr. Miller, Mrs. Miller or Citizens Bank arising out of the April 18, 2015 accident. USSIC seeks any other general relief to which it may be entitled including USSIC's costs.

Respectfully submitted this the 13th day of June, 2016.

/s/William J. Carver_____
William J. Carver, BPR # 022718
Kramer Rayson LLP
P.O. Box 629
Knoxville, Tennessee 37901-0629
(865) 525-5134
wcarver@kramer-rayson.com
Attorney for Plaintiff U.S. Specialty Insurance Company

## **COST BOND**

The undersigned, Kramer Rayson LLP hereby acknowledge ourselves as surety for all costs in this action in an amount as required by TCA § 20-12-120.

                                          Kramer Rayson LLP
                                          By:

                                          /s/William J. Carver
                                          Mr. William J. Carver